UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FRANK J. LAWRENCE, JR.,

        Plaintiff,

Case No. 5:06-CV-134

v.

Hon. Richard Alan Enslen

JOHN T. BERRY, *et al.*,

**OPINION**

        Defendants.
_____/

This matter is before the Court on Plaintiff Frank J. Lawrence, Jr.'s Motion for Temporary Restraining Order and Preliminary Injunction as well as three separate Motions to Dismiss filed by counsel for Defendants John T. Berry, Louis A. Smith, David H. Baum, Randy A. Musbach and Sonal Hope Mitahani. Oral argument is unnecessary in light of the briefing. *See* W.D. Mich. L. Civ. R. 7.2(d).

**FACTUAL BACKGROUND**

This is not Plaintiff's first experience with the courts of law. Plaintiff passed the Michigan Bar Examination in 2001, but subsequently withdrew his application while a state misdemeanor prosecution was pending against him. At the same time, he filed a federal lawsuit seeking injunctive and declaratory relief against the State Bar of Michigan ("SBR") and the Michigan Board of Law Examiners ("BLE")--the state administrative agencies responsible for the admission process--as well as other individual defendants with responsibilities for the admission process. Plaintiff's claims in that suit were denied by this Court (Judge David W. McKeague) and the denial was affirmed on appeal. *Lawrence v. Chabot*, 182 Fed. Appx. 442 (6th Cir. May 16, 2006).

Plaintiff's present suit was filed with the Court on September 8, 2006. (Compl. 1.) The timing was due to official action of the BLE on June 14, 2006. It then denied Plaintiff's request for admission, following hearing, based on its conclusion that Plaintiff had not shown by clear and convincing evidence that he had the requisite "good moral character" required by statute and rule for immediate admission. (Compl., Ex. A (Op.) at 19-20.) Such denial did allow re-application after only one year and preserved Plaintiff's passing bar examination scores for the re-application period. (*Id.*)

Plaintiff's present suit is directed against the following Defendants: John T. Berry (the Executive Director of SBM), Louis A. Smith (President of BLE), and three district committee members who recommended denial of the application–David H. Baum, Randy A. Musbach, and Sonal Hope Mitahani. In Count I of the present Complaint, Plaintiff seeks declaratory relief against Smith. (Compl. ¶ 56.) In Count II, Plaintiff seeks injunctive relief against Berry and Smith. (*Id.* at ¶¶ 57-62.) In Count III, Plaintiff seeks damages against the three district panel members who had recommended against his application, pursuant to 42 U.S.C. § 1983. (*Id.* at ¶¶ 63-70.) The basis for the damages is his allegation that the district committee members recommended the denied of the application because of conduct protected under the First and Fourteenth Amendments to the United States Constitution–his political beliefs about the deficiencies of the state courts and his preference of a federal forum over a state forum. (*Id.*)

**STANDARDS OF REVIEW**

Defendants' Motions seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The latter rule provision relates to a failure to state a claim. The former rule provision

relates to an absence of subject matter jurisdiction. While the subjects are different, the legal standards are somewhat similar.

Under Rule 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The allegations of the complaint must be construed in the favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The rules generally require only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Nevertheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations omitted.) The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

For a "facial attack" arguing an absence of subject matter jurisdiction under Rule 12(b)(1), the pertinent standards for review are those identified in *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996). Namely, the district court must assume that the plaintiff's allegations are true and must construe them in a light most favorable to the plaintiff. *Id.* Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction. *Id. See also United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

**LEGAL ANALYSIS**

**1. Count One Claims**

Plaintiff's Count One claims against Defendant Smith seek a declaration that "the BLE's decision impermissibly impinges upon protected federal rights and that Plaintiff is entitled to a license to practice law." (Compl. ¶ 56.) The "decision" referenced is the June 14, 2006 BLE denial. (*Id.* at 1, introductory paragraph.) Under state law, appeal of the BLE decision is by writ of mandamus to the Michigan Supreme Court. *See* MCR 7.304. In this case, Plaintiff did not seek a writ of mandamus from the Michigan Supreme Court. His theory is that he has "reserved" his constitutional challenges, which he asserts in this suit. (*See* Compl. ¶ 55.)

Plaintiff's Count One claims are worded as an attack upon the BLE decision. Such an attack runs squarely into the *Rooker-Feldman* rule. The Sixth Circuit explained the rule recently in *Dubuc v. Michigan Bd. of Law Examiners*, as follows:

> "The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments." *Verizon Maryland,* 535 U.S. at 644 n. 3 . . . .
>
> In *District of Columbia Court of Appeals v. Feldman,* the two plaintiffs were denied permission to sit for the District of Columbia bar exam because one had not graduated from law school and the other had not graduated from an accredited law school. . . . . Each plaintiff unsuccessfully appealed the bar admission committee's decision to the District of Columbia Court of Appeals. Instead of then seeking review from the Supreme Court, each plaintiff filed a lawsuit in the United States District Court for the District of Columbia, seeking a declaration that the District of Columbia Court of Appeals' decision was unconstitutional and an injunction allowing him to sit for the bar exam. . . .
>
> The Supreme Court determined that a district court has no jurisdiction to hear a challenge to a state court's final decision in a bar admission matter. *Id.* at 482 . . . The Court concluded that plaintiffs "should have sought review of the District of Columbia Court of Appeals' judgments in this Court." *Id.* The Court, however, determined that a district court does have jurisdiction to hear "a general challenge to the constitutionality" of a bar admission rule. *Id.* at 483 . . . . Therefore, a district court cannot reverse a state court's final decision

>to deny " *a particular application for admission,*" but a district court may resolve a general challenge to the future enforcement of an allegedly unconstitutional bar admission rule. *Id.* at 484-85 . . . . (quoting *Doe v. Pringle,* 550 F.2d 596, 599 (10th Cir.1976)).

*Dubuc*, 342 F.3d 610, 617-18 (6th Cir. 2003) (some citations deleted).

Plaintiff Lawrence's Count One claims are worded as an as-applied challenge relating to the binding decision of the state administrative agency. The process in question required that any legal challenges pertaining to the admission decision would be raised therein. Those which were not raised are deemed waived. The *Feldman* doctrine, therefore, precludes federal subject matter jurisdiction as to Count One.

Furthermore, even assuming a basis for federal subject matter jurisdiction as to facial challenges to state procedures, the claims asserted in Count One which challenge the constitutionality of the Michigan statutory and administrative character fitness adjudication process fail to state a claim for the reasons given by the Sixth Circuit Court of Appeals' in its prior decision. *See Lawrence*, 182 Fed. Appx. at 453-55.

**2. Count Two Claims**

Plaintiff's Count II claims are explained in the Complaint as follows: "In the event that this Court rules that Plaintiff is not entitled to relief in Count I, then, in the alternative, Plaintiff abandons any claims for retrospective relief and he seeks only prospective relief pertaining to his re-application process." (Compl. ¶ 57.) Plaintiff requests in his Complaint that the Court enjoin Defendants Smith and Berry from using his "'First Amendment activities . . . as a basis for denying his [further] application.'" (*Id.* at ¶ 59, quoting *Dubuc*, 342 F.3d at 613.)

These claims too fail. Although Plaintiff is only seeking prospective relief, his Complaint is framed in terms of the particular conduct and adjudication of the hearing panel and the district

committee members. A decision granting prospective relief would necessarily imply that the hearing panel's decision was improper and forbidden by the constitution. Furthermore, this case is distinct from the *Dubuc* case. In *Dubuc*, the prospective constitutional violation concerned an administrative rule which was likely to be applied in future application proceedings. In this case, Count Two does not concern any such rule. In short, there is no persuasive reason for distinguishing this case from *Feldman* because the object of any prospective relief would not relate to changes in hearing procedures, but rather exercises of administrative discretion and fact-finding. These are not circumstances concerning which an injunction could be meaningfully crafted or enforced.

Furthermore, since such future application is not yet pending and its future consideration is a speculative matter, the Court determines that Plaintiff's Count Two claims for prospective relief are not ripe for review. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002). *See also Grendell v. Ohio Supreme Court*, 252 F.3d 828, 835 (6th Cir. 2001).

Therefore, the Court determines that Count Two should be dismissed due to lack of subject matter jurisdiction and failure to state a claim.

### 3. Count Three Claims

Count Three of the Complaint is a request for damages against three district hearing committee members who initially recommended that Plaintiff's application be denied, which recommendation was accepted by the BLE. (*See* Compl., Ex. A at 1, 20-21.) These claims should be dismissed because the district hearing panel members are protected by absolute quasi-judicial immunity. *Sparks v. Character & Fitness Comm. of Ky.*, 859 F.2d 428, 434 (6th Cir. 1988).

While Plaintiff has argued that Defendants acted in "bad faith," he has failed to cite any factual circumstances from which one could conclude that the judicial acts in question were the product of an improper bias or motive, as opposed to an act of mistaken judicial fact-finding. Also, even if absolute immunity did not apply to district committee members, then dismissal of the claims would be proper due to qualified immunity, since a reasonable officer would not have understood his or her conduct to have been illegal at the time. *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987); *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 424 (6th Cir. 2001).

Therefore, such claims will be dismissed due to failure to state a cause of action.[1]

## **CONCLUSION**

Therefore, Defendants' Motions shall be granted and this suit dismissed. In saying so, the Court does not wish to discourage Plaintiff from reapplying for admission. The Court's general sense is that of BLE panel member William E. Rheaume--that Plaintiff is likely to be an excellent attorney once admitted to the bar.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 14, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] Since Plaintiff cannot succeed on the merits of any claim, he is also not entitled to any injunctive relief.