UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK J. LAWRENCE, JR.,

Plaintiff,

v.

JOHN T. BERRY, *et al.*,

Defendants.

Case No. 5:06-CV-134

Hon. Paul L. Maloney

**OPINION**

This matter is before the Court on Plaintiff Frank J. Lawrence, Jr.'s Motion for Advisory Decision and Motion for Immediate or Expedited Consideration. Oral argument and further briefing is unnecessary in light of the record. *See* W.D. Mich. LCivR 7.3(d).

**BACKGROUND**

Judgment issued in this matter dismissing all claims on December 14, 2006. Plaintiff then appealed the matter without seeking relief under Federal Rules of Civil Procedure 59 and 60. The Sixth Circuit Court of Appeals' public docket of case no. 07-1026 shows that oral argument was held on November 29, 2007 before Judges Rogers, Sutton and Bertelsman.

Plaintiff's Motion was then filed on May 23, 2008. The Motion indicates that it was prompted by the May 19, 2008 letter determination of the Board of Law Examiners ("BLE") that Plaintiff lacked the requisite moral character and fitness to practice law in Michigan. (Mot., Ex. 4.) The letter also advised Plaintiff:

> Pursuant to Rule 2(C) of the Rules for the Board of Law Examiners, you are entitled to a hearing before the Board and may use the Board's subpoena power. You must request a hearing within sixty (60) days of the date of this notification or the Board's determination of this matter will become final.

(*Id.*) Under state law, review of a determination of the BLE is made by an application for writ of superintending control to the Michigan Supreme Court. *See* MCR 7.304(A). The Michigan Supreme Court's determination is also subject to review by the United States Supreme Court by writ of certiorari. *See* 28 U.S.C. § 1257(a).

Since this Motion was filed, the Sixth Circuit Court of Appeals has issued its decision in case no. 07-1026 (the appeal). Though that decision speaks for itself, the following points are most pertinent in terms of this Court's review: All panel members agreed that Count I should be dismissed due to the *Rooker-Feldman* doctrine (*see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)) and Count III should be dismissed due to immunity (*see Sparks v. Character & Fitness Comm. of Ky.*, 859 F.2d 428, 434 (6th Cir. 1988)). *Lawrence v. Welch*, no. 07-1026, slip opinion at *9 (6th Cir. 2008) (concurring opinion of Judge Sutton). As to the Count II claim for injunctive relief, Judge Bertelsman, a district judge sitting by designation, determined that the *Rooker-Feldman* doctrine applied. *Lawrence,* slip op. at *7. Judges Sutton and Rogers concurred, though the concurring opinion justified dismissal based on ripeness. *Id.* at *9. The following quotation is significant:

> Nor has Lawrence shown that he will suffer hardship if he must wait until he files, and the Board rejects, a second application before he seeks to vindicate his First Amendment rights. . . . The only hardship he identified is the likelihood that, if the Board denies his second application, he will be forced to litigate his claim initially in the Michigan courts . . . . That, however, is not the type of immediate hardship that makes a claim justiciable, and indeed he cites no case law saying that it is. Even if he must file a second claim in the state courts, that does not mean he must end his challenge there, as the United States Supreme Court has certiorari jurisdiction over federal questions resolved by the state courts. *See* 28 U.S.C. § 1257(a). In the end, while "[t]he ripeness doctrine" may "dovetail neatly" with other doctrines (like *Rooker-Feldman*) that limit lower-federal-court review of state court decisions, that reality by itself gives us no warrant to sidestep traditional ripeness requirements for bringing a claim in federal court. *Reno v. Catholic Soc. Servs.*, 509 U.S. 43, 60 (1993).

*Id.*

Issuance of the panel decision does not end the Sixth Circuit's jurisdiction over the appeal, which remains with the Circuit until the issuance of its mandate. *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 951-52 (6th Cir. 1999); *see also* Fed. R. App. P. 41(b) & 40(a)(1).

**LEGAL STANDARDS**

Given the Sixth Circuit's jurisdiction over the appeal, this Motion falls within the rule of *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976); *see also Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 n.9 (6th Cir. 2006) (citing *Hirsch*). *Hirsch* and its progeny have established the procedure of seeking a certification from the district court of its intent to grant relief under Federal Rule of Civil Procedure 60(b) when jurisdiction is before the appellate court due to appeal. *Id.*

This certification procedure does not alter the underlying standards under Rule 60(b)-(c). *See, e.g., Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 364 (6th Cir. 2001) (applying Rule 60 standards in context of *Hirsch* motion); *Days Inn Worldwide, supra* (same).

Rule 60 provides in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.
>
> **(c) Timing and Effect of the Motion.**
>
> **(1) *Timing.*** A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>
> **(2) *Effect on Finality.*** The motion does not affect the judgment's finality or suspend its operation.

Fed. R. Civ. P. 60(b)-(c) (West ed. 2008).

While Rule 60 is an equitable device, that equitable power is counterbalanced by the express limitations of the Rule. *See Griffin v. Swim-Tech Corp*., 722 F.2d 677, 680 (11th Cir. 1984) (citing *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir. 1970)). To obtain relief, the moving "'party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) . . . .'" *Kalamazoo River Study Group v. Rockwell Int'l Corp*., 355 F.3d 574, 587 (6th Cir. 2004) (quoting *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir. 1993)). Furthermore,

> relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990); *see also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863-64, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). *Olle,* 910 F.2d at

> 365; *see also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle*, 910 F.2d at 365.

*Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

**LEGAL ANALYSIS**

Plaintiff's Motion acknowledges many of the key weaknesses of his arguments, including weaknesses in the Rule 60(b) analysis, but argues that the procedural requirements of Rule 60 be overlooked because of the ongoing appeal and only recent discovery of the "misconduct by an opposing party." (Mot. 10.) Plaintiff's Motion argues in particular, without authority, that the one-year time limit of 60(c)(1) does not prevent relief from issuing (presumably under Rule 60(b)(6), which is cited) because "this is not the typical situation where the underlying litigation is long over . . . ." (Mot. 10-11.)

Cited in Plaintiff's argument is the United States Supreme Court's decision in *Liljeberg*, 486 U.S. at 863 & n.11 (1988). (Mot. 11.) The *Liljeberg* decision did recognize that extraordinary circumstances fitting under Rule 60(b)(6) may provide a basis for relief more than one year after judgment. *Id.* The unusual circumstances in that case included a judge with a significant financial conflict of interest that was not disclosed during the proceedings and warranting *vacatur* of the judgment under 28 U.S.C. § 455(a). *Id.* at 861-65. Those circumstances are obviously not applicable here. The Sixth Circuit has held that motions arguing typical circumstances within the provisions of Rule 60(b)(1)-(3) must be brought, if at all, within one year of judgment. *Smith v. Secretary of Health & Human Servs.*, 776 F.2d 1330, 1332 (6th Cir. 1985). It also held that the district courts lack authority to extend the one-year limit because of extenuating circumstances. *Id.*

at 1332-33. *See also* Fed. R. Civ. P. 6(b)(2) (recognizing Rule 60(b) as an exception to the district courts' authority to extend time requirements); *Mitchell v. Rees*, 261 Fed. Appx. 825, 830 (6th Cir. Jan. 9, 2008) (following *Smith*); *Ohio Cas. Ins. Co. v. Pulliam*, 1999 WL 455336, *4 (6th Cir. June 23, 1999) (same); *Alexander v. Anderson*, 1989 WL 56186, *1 (6th Cir. May 30, 1989) (same and noting decision in *Griffin, supra*).

Plaintiff's arguments that the pendency of appeal extends the one-year limit is unsupported by any authority. Both existing case law and scholarly work teach the opposite. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) ("an appeal does not toll or extend the one-year time limit of Rule 60(b) . . . ."); *King v. First Am. Investigations, Inc*., 287 F.3d 91, 94 (2d Cir. 2002) (same and citing *Federal Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766-67 (8th Cir. 1989); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987); *Carr v. District of Columbia*, 543 F.2d 917, 925-26 (D.C. Cir. 1976); *Transit Casualty Co. v. Security Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971)); 8 Wright, Miller & Kane, *Federal Practice & Proc.*, § 2866 at 390 & n.17 (1995 ed. & 2008 Supp.) (stating that "pendency of appeal does not extend the one-year limit. . . . "). Because Plaintiff's Motion is premised on "misconduct" and "newly discovered evidence" arguments, the (b)(2) and (b)(3) subsections, the Motion was required to be filed within one year of judgment. Since it was not, it is now foreclosed as untimely. The Motion also fails to contain any reference to "extraordinary circumstances" of the kind which would mandate relief under Rule 60(b)(6).

While the above analysis makes unnecessary any further discussion of the merits of Plaintiff's Motion, a few additional observations are warranted for the benefit of the parties. First, notwithstanding the May 19, 2008 letter decision, Plaintiff's claim is not yet ripe. As noted in

Exhibit 4, the administrative review process is not yet complete. Plaintiff stills retains the ability to request hearing before the BLE and also to challenge the BLE decision before the Michigan Supreme Court and United States Supreme Court. Until that process is completed, the ripeness doctrine still applies. Second, a post-judgment change to the "ripeness" status does not generally warrant relief under Rule 60(b). This was the holding of the Second Circuit in *Rosendale v. Iuliano*, 2003 WL 21182134, *2 (2d Cir. May 20, 2003), which considered a party who wanted to assert a First Amendment retaliation claim which was not ripe in the original suit, but became ripe at the time of a Rule 60(b) motion.

Further, the *Rosendale* decision fits squarely with the language of Rule 60(b)(5) and the federal tradition of not interfering with settled judgments due to changed circumstances excepting decrees and orders with ongoing prospective effect. *See* 8 Wright, Miller & Kane, *Federal Prac. & Proc.*, § 2863 at 339-40 (West 1995 ed.) (tracing this distinction to the case of *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 421 (1856)). The case law interpreting subsection (b)(5) has applied the provision to ongoing decrees and injunctive orders and has not applied it to other kinds of orders, such as dismissal of injunction actions or termination of decrees. *See Kalamazoo Study Group*, 355 F.3d at 588 (holding that allocation judgment lacked prospective effect such that Rule 60(b)(5) did not allow relief); *Dowell by Dowell v. Board of Educ. of Oklahoma City Public Sch.*, 8 F.3d 1501, 1509 (10th Cir. 1993) (holding that order terminating desegregation case did not have prospective effect); *Lee v. Talladega County Bd. of Educ.*, 963 F.2d 1426, 1433 (11th Cir. 1992) (same); *Kirksey v. City of Jackson*, 714 F.2d 42, 44 (5th Cir. 1983) (holding that dismissal of previous injunction action lacked "prospective effect" and preferable manner of judicial

management was to entertain a new action as opposed to a new injunction request in the dismissed action).

**CONCLUSION**

For all of these reasons, including the apt decision of the Sixth Circuit Court of Appeals, the Court will deny Plaintiff's Motion for a *Hirsch* certification. An Order shall issue accordingly.

June 5, 2008
Dated in Kalamazoo, MI:

/s/ Paul L. Maloney
Hon. Paul L. Maloney
United States District Judge